# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SABAL TRAIL TRANSMISSION, LLC,

    Plaintiff,

v.

+/- 0.567 ACRES OF LAND IN
OSCEOLA COUNTY, FLORIDA;
SINCLAIR ROAD (ORLANDO)
ASLI VII, LLC; INTRAM INVESTMENTS,
INC.; and UNKNOWN OWNERS, IF ANY,

    Defendants.

Case No. 6:16-cv-475-Orl-31-DAB

Tract Nos: FL-OS-052.001, FL-OS-053.000

## ORDER

This cause is before the Court on the following matters:

(1) Motion for Partial Summary Judgment Determining the Right to Condemn Easements and Incorporated Memorandum of Law (Doc. 2), filed March 18, 2016;

(2) Plaintiff's Motion for Preliminary Injunction for Immediate Possession and Incorporated Memorandum of Law (Doc. 3), filed March 18, 2016; and

(3) Stipulation for Immediate Possession (Doc. 29), filed May 5, 2016.

## BACKGROUND

On **February 2, 2016**, the Federal Energy Regulatory Commission ("**FERC**") issued an order which, among other things, granted to Plaintiff Sabal Trail Transmission, LLC ("**Plaintiff**") a Certificate of Public Convenience and Necessity ("**FERC Certificate**"), authorizing Plaintiff to construct and operate facilities for transporting natural gas in interstate commerce—the Sabal Trail Project ("**Project**"). (*See* Doc. 1; Doc. 1-5.)

Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717–717z ("**Gas Act**"), and based on the FERC Certificate, Plaintiff filed several land condemnation actions throughout the U.S. District Courts for the Middle District of Florida ("**M.D. Courts**") to acquire the easements necessary to complete the Project. (Doc. 1.) With its Complaint in this action against property located in Osceola County, Florida, Sinclair Road (Orlando) ASLI VII, LLC ("Sinclair") and Intram Investments ("Intram"), Plaintiff also filed:

1. A description of the largest parcel of land at issue in this action (Doc. 1-2 ("**Parcel**"));

2. A proposed "Grant of Easement" with easement drawings (Doc. 1-3 ("**Subject Easements**"));

3. A copy of the FERC Certificate (Doc. 1-5);

4. copy of the Notice of Condemnation in accordance with the requirements of Federal Rules of Civil Procedure 71.1(c)(4) and 71.1(d)(2) (Doc. 1-6 ("**Condemnation Notice**"));

5. Motion for Partial Summary Judgment Determining the Right to Condemn Easements and Incorporated Memorandum of Law (Doc. 2 ("**Rule 56 Motion**")); and

6. Motion for Preliminary Injunction for Immediate Possession and Incorporated Memorandum of Law (Doc. 3 ("**Rule 65 Motion**")).

In support of the Rule 56 and Rule 65 Motions, Plaintiff also filed sworn Declarations from the Right-of-Way Project Manager (Doc. 4), the Construction Project Manager (Doc. 6), and the Project Director (Doc. 5). On **May 20, 2016**, Plaintiff filed the Declaration of its counsel (Doc. 33), which set out appraised values for the Parcels at issue in this action and in other actions pending in the M.D. Courts.

In accordance with Rule 71.1(d)(3), Plaintiff served the Condemnation Notice on Defendants. (Docs. 13, 20.) Sinclair appeared (Doc. 18), Answered the Complaint (Doc. 26), attended a hearing in this action on May 23, 2016 ("**Hearing**" (Doc. 34)), and

filed a Stipulation for Immediate Possession, which confirms Plaintiff's rights to condemn and immediate possession ("**Stipulation**"). (Doc. 29.) Although more than 21 days have passed since Plaintiff served Intram (Doc. 20), Intram has not filed a response or an answer in this action, and it did not attend the Hearing.[1] (*See* Docs. 30 & 32.)

Upon review, the Court agrees with other judges in the M.D. Courts that Plaintiff's Rule 56 and Rule 65 Motions are due to be granted. *See Sabal Trail Transmission, LLC v. +/- 0.9 Acres of Land in Citrus Cnty., Fla.*, Case No. 5:16-cv-196-Oc-30-PRL, 2016 WL 2997669, at *1 (M.D. Fla. May 25, 2016); *Sabal Trail Transmission, LLC, v. +/- 9.669 Acres of Land in Polk Cnty., Fla.*, Case No. 8:16-cv-640-T-33-EAP, 2016 WL 2745082, at *1 (M.D. Fla. May 11, 2016).

## CONCLUSION

Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. 2) is **GRANTED** in that the Court finds that Plaintiff has the right to condemn the Subject Easements.

2. Plaintiff's Motion for Preliminary Injunction and Immediate Possession (Doc. 3) is **GRANTED**.

3. Upon Plaintiff posting a proper security bond with the Clerk of this Court in the amount of **$153,600.00**, the following shall occur:

    a. Plaintiff shall have immediate access to, and possession of,

---

[1] After being served with a notice of condemnation or "taking" as required by Rule 71.1(d), defendants who have "an objection or defense to the taking must serve an answer within 21 days after being served." Fed. R. Civ. P. 71(e)(2). Objections and defenses that are not set forth in an answer are waived. *See* Fed. R. Civ. P. 71.1(e)(3).

the Subject Easements described in the Notice of Condemnation (Doc. 1-5) and incorporated herein; and

b.  Plaintiff may immediately begin pre-installation activities so that construction-related activities can commence by **June 21, 2016**, for the purposes of constructing the Project.

4.  All pre-installation and construction-related activities shall be consistent with the FERC Certificate and all other applicable regulatory permits.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 3, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Unrepresented Parties

Senior U.S. District Court Judge Gregory A. Presnell

Magistrate Judge David A. Baker

4